# STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Donna Streier, | : | CASE NO. 0:14-cv-00368 DSD/SER |
| Plaintiff, | : | |
| v. | : | **ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.** |
| National Enterprise Systems, Inc., | : | |
| Defendant. | : | |

Defendant National Enterprise Systems, Inc. ("NES"), by and through counsel, and for its Answer to Plaintiff Donna Streier's Complaint, states as follows:

1. Denies each and every matter, allegation, and thing set forth in Plaintiff's Complaint except as hereinafter specifically admitted, qualified or alleged.

2. Denies that Plaintiff is entitled to monetary damages as alleged in Paragraph 1 of Plaintiff's Complaint.

3. Alleges that to the extent the allegations in Paragraph 2 of Plaintiff's Complaint constitute legal conclusions, no response is required; to the extent a response may be required, denies the same.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

5. Admits the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

6. Admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

7. Denies that Plaintiff is entitled to any relief; admits the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

10. Denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

11. Denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

12. Denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

13. Denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

14. All allegations incorporated by reference in paragraph 13 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

15. States that the allegations contained in Paragraph 14 of Plaintiff's Complaint constitute legal conclusions to which no response is required; to the extent a response may be required, denies the same.

16. States that the allegations contained in Paragraph 15 of Plaintiff's Complaint constitute legal conclusions to which no response is required; to the extent a response may be required, denies the same.

17. States that the allegations contained in Paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is required; to the extent a response may be required, denies the same.

18. Defendant also denies all other allegations set forth in Plaintiff's Complaint that are not otherwise specifically admitted or denied.

19. Plaintiff has failed to state a claim upon which relief can be granted.

20. Plaintiff has failed to mitigate her damages, if any.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered actual damages due to any alleged violations of the TCPA by Defendant.

22. If Defendant violated the TCPA, which it denies, it has established and implemented, with due care, reasonable practices and procedures to prevent violations of the TCPA.

23. Plaintiff is precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

24. One or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

25. Plaintiff's claims are barred by the applicable statute of limitations.

26. Defendant NES respectfully demands a trial by jury on all issues triable to a jury.

27. Defendant NES respectfully reserves the right to assert any additional defenses that may be revealed during the course of discovery.

WHEREFORE, Defendant National Enterprise Systems, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

**BASSFORD REMELE**
*A Professional Association*

Dated:  April 10, 2014          By  s/Michael A. Klutho
                                                     Michael A. Klutho (1038353)
                                                     Jessica L. Klander (392290)
                                                     33 South Sixth Street, Suite 3800
                                                     Minneapolis, Minnesota  55402-3707
                                                     Phone:  612-333-3000
                                                     Fax:  612-333-8829
                                                     mklutho@bassford.com
                                                     jklander@bassford.com
                                                     *Attorneys for Defendant*
                                                     *National Enterprise Systems, Inc.*